IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>MR. HENSON, WARDEN FENDER, D.J. GODFREY, ASST. WARDEN POWELL, CHAPLIN DELELLA, and MR. MADRID,[1]<br><br>Defendants. | CV-18-00008-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending before the Court are Plaintiff Benjamin Smith's claims that Defendants denied him the opportunity to practice his religious beliefs by not allowing him to participate in Jumah services, or congregational prayers with other Muslim inmates while incarcerated at Crossroads Correctional Center ("CCC"). (Complaint, Doc. 2.)  Defendant Godfrey filed a motion to dismiss for failure to state a claim (Doc. 9) and the CoreCivic Defendants have filed a motion for summary judgment arguing that Mr. Smith failed to exhaust his administrative remedies with regard to these issues (Doc. 15).

---

[1]The case caption has been amended to reflect the March 13, 2018 dismissal of Defendants Fletcher and Sefalo.  (Doc. 11.)

1

The Court finds that Mr. Smith failed to exhaust his administrative remedies prior to filing this lawsuit and as such the CoreCivic Defendants' Motion for Summary Judgment should be granted and this matter dismissed. Defendant Godfrey's motion to dismiss should be denied as moot.

**I. CORECIVIC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    **A. Standard**

Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id*. On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id*. at 159.

By notice provided on April 26, 2018 (Doc. 19), Mr. Smith was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)(en banc); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**B. Facts**

CCC has in place an administrative grievance procedure. The administrative grievance procedure at CCC, which is mandated by CCA's contract with the State of Montana, is Montana State Prison Procedure No. 3.3.3 ("MSP Procedure 3.3.3"). MSP Procedure 3.3.3 was in force and effect at all times Mr. Smith was incarcerated at CCC. (Statement of Undisputed Facts, Doc. 18 ("SUF"), ¶ 5.)

The issues Mr. Smith raises in his Complaint regarding alleged inability to practice his religion are among the "grievable issues" included in the scope of issues that must be properly grieved prior to filing a court action. (SUF at ¶ 6.) In order to exhaust the grievance process at CCC, an inmate would first be required to submit an Inmate/Offender Informal Resolution Form within 5 working days of the event complained of. (SUF at ¶ 7.)

If an inmate is not satisfied with the informal resolution process and wishes to exhaust administrative remedies, he is required to file a formal grievance within 5 days of the response to his informal resolution procedure. The formal grievance will be responded to by the CCC Grievance Coordinator or designee. (SUF at ¶ 8.)

If an inmate is not satisfied with the response to his formal grievance from

the CCC Grievance Coordinator, in order to exhaust administrative remedies the inmate is required to appeal the grievance decision first to the Warden by submitting an Inmate/ Offender Grievance Appeal to Warden/Administrator Form within 5 days of the response to the inmate's formal grievance. (SUF at ¶ 9.)

If the inmate is still unsatisfied at that stage of the process, in order to exhaust administrative remedies, he is required to appeal the Warden's decision to the MDOC Director by submitting an Inmate/Offender Grievance Appeal to Corrections Director form. The MDOC Director's "response is final, and exhausts all administrative remedies available to the inmate through the inmate grievance program." (SUF at ¶ 10.)

MSP Procedure 3.3.3 states, "[i]f an inmate fails to receive a timely response from a staff member as set forth in this operational procedure, the inmate may file the appropriate forms to advance to the next level of the grievance program." (SUF at ¶ 11.) MSP Procedure 3.3.3 further states, "[i]f an inmate fails to advance to the next level of the grievance program within the stated time limit, he will be considered to have forfeited the opportunity to exhaust his administrative remedies under the inmate grievance program." (SUF at ¶ 12.)

On January 1, 2018, Mr. Smith submitted an Inmate/Offender Information Resolution Form. In this informal resolution form, Mr. Smith contends that he

was being denied the right to practice his religion by not allowing him to attend Jumah services. This informal was denied because Mr. Smith is a close custody inmate and cannot attend Jumah with general population inmates. Mr. Smith filed a formal grievance on January 11, 2018 related to his January 1, 2018 informal resolution. The formal grievance was assigned Grievance No. 1-18-G10. The formal grievance was denied on January 19, 2018. (SUF at ¶ 15.)

On February 2, 2018, Mr. Smith filed an appeal to the Corrections Director. This document was returned unprocessed because Mr. Smith had failed to file an appeal to the warden first as required by MSP Procedure 3.3.3. Prison officials allowed Mr. Smith to file an appeal to the warden on March 2, 2018, which was denied on March 14, 2018. (SUF at ¶ 16.) Mr. Smith then filed an appeal to the Corrections Director on April 4, 2018. (SUF at ¶ 17.)

Mr. Smith is no longer incarcerated at CCC. He is presently housed at Montana State Prison in Deer Lodge, Montana. (SUF at ¶ 20.)

**C.     Analysis**

The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

5

administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This means a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Exhaustion is mandatory. *Booth,* 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007). Under the PLRA, prison regulations define the exhaustion requirements. *Jones*, 549 U.S. at 218.

The exhaustion requirement "requires compliance with both procedural and substantive requirements set forth by prison grievance processes in order to ensure that the prison receives the 'opportunity to correct its own mistakes . . . before it is haled into federal court.' " *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (*quoting Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). A grievance will suffice "if it alerts the prison to the nature of the wrong for which redress is sought." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010); *see Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010). "The grievance 'need not include legal terminology or legal theories,' because 'the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.' " *Reyes*

*v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (*quoting Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)).

The defendant bears the ultimate burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Once the defendant has carried that burden, the prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (internal citations and quotation marks omitted).

Mr. Smith did not exhaust the grievance procedure required at CCC prior to filing his Complaint on January 16, 2018. At that time, he had only begun the grievance procedure by filing an informal resolution form. Mr. Smith filed a Notice on July 12, 2018 indicating that he concluded the grievance procedure regarding the issues raised in his Complaint on May 14, 2018 but exhausting administrative remedies while a lawsuit is pending will not satisfy the exhaustion

requirement. Under the PLRA inmates must exhaust administrative remedies <u>before</u> filing suit. 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium) (emphasis added)("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending.").

Mr. Smith argues that Defendants erected barriers outside the regular time frame and delayed the grievance process. (Smith Affidavit, Doc. 20-1 at 2, ¶ 13.) But Mr. Smith filed his first grievance on December 22, 2017. *Id.* at ¶ 6. Even if he did not get a response to that grievance as he contends, MSP Procedure 3.3.3 specifically provides, "[i]f an inmate fails to receive a timely response from a staff member as set forth in this operational procedure, the inmate may file the appropriate forms to advance to the next level of the grievance program." (SUF at ¶ 11.) Thus, even if Mr. Smith did not get a timely response to his December 22, 2017, he could have proceeded to the next level of the grievance process. He filed a second grievance on January 8, 2017 but that was just two days before he signed his Complaint. (Doc. 2 at 11.) It is undisputed that Mr. Smith did not complete the grievance process before filing suit and he has not produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly

8

prolonged, inadequate, or obviously futile." *Williams,* 775 F.3d at 1191.

Accordingly, the Court finds that Mr. Smith did not properly exhaust his administrative remedies and the CoreCivic Defendants' motion for summary judgment should be granted.

## II. DEFENDANT GODFREY'S MOTION TO DISMISS

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court is not, however, required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, a plaintiff's claims must be dismissed. *Twombly*, 550 U.S. at 570.

In his Complaint, Mr. Smith alleged that Defendant Godfrey is the Contract Beds Director for the Montana Department of Corrections and in this position he

9

refused to allow Mr. Smith to attend Juman services (congregational prayer). (Complaint, Doc. 2.) On January 26, 2018, this Court issued an Order and Findings and Recommendation in which it conducted a screening of Mr. Smith's Complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 4.) Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). The Court determined in the prior Order that Mr. Smith had stated a claim against Defendant Godfrey. (Doc. 4.)

Nevertheless, Defendant Godfrey filed a motion to dismiss arguing that he is an employee of Montana State Prison and cannot be held liable for acts that occurred at Crossroads Correctional Center. (Doc. 9.) He argues that his position

has nothing to do with religious programming at Crossroads Correctional Center. (Doc. 9 at 3.) Mr. Godfrey, however, presents no evidence to establish these facts. On a motion to dismiss for failure to state a claim, the question is not whether the plaintiff will ultimately prevail at trial, but whether the complaint was sufficient to meet the federal court's pleading standards as explained in *Twombly* and *Iqbal*. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011). Mr. Godfrey is trying to argue the evidence when, on a motion to dismiss, the Court must construe the Complaint in the light most favorable to Mr. Smith, taking all his allegations as true and drawing all reasonable inferences in his favor.

Mr. Smith contends that Mr. Godfrey informed Crossroads staff that Mr. Smith was not allowed to take part in Jumah service. (Doc. 12.) Although the Court recommended the dismissal of other MSP employees, Mr. Smith alleges that Mr. Godfrey was employed by the Montana Department of Corrections. In an April 4, 2018 grievance, Mr. Smith asserted that Shelby staff told him that Defendant Godfrey had advised them that Mr. Smith could not attend Juman services because of his custody level. (Doc. 17-2 at 1.) Without actual evidence establishing Mr. Godfrey's job responsibilities, the Court cannot say that these allegations fail to state a claim.

Based upon the finding that Mr. Smith failed to exhaust his administrative

11

remedies, however, the Court will recommend that this entire matter be dismissed without prejudice for failure to exhaust administrative remedies and Defendant Godfrey's motion to dismiss be denied as moot.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Defendant Godfrey's Motion to Dismiss (Doc. 9) should be DENIED AS MOOT.

2. The CoreCivic Defendants' Motion for Summary Judgment (Doc. 15) should be GRANTED and this matter DISMISSED WITHOUT PREJUDICE.

3. The Clerk of Court should be directed to all close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of September, 2018.

                                                           */s/ John Johnston*
                                                           John Johnston
                                                           United States Magistrate

---

made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Smith is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.